NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  12a0694n.06

No.  09-2519

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 29, 2012*

LEONARD GREEN, Clerk

PATRICK MISHALL,                                      )
                                                     )
        Petitioner-Appellant,                        )
                                                     )        ON APPEAL FROM THE
v.                                                   )        UNITED STATES DISTRICT
                                                     )        COURT FOR THE  EASTERN
MILLICENT WARREN, Warden,                            )        DISTRICT OF MICHIGAN
                                                     )
        Respondent-Appellee.                         )        **OPINION**
                                                     )

BEFORE:  BATCHELDER, Chief Judge; NORRIS and STRANCH, Circuit Judges.

PER CURIAM.  Patrick Mishall, a Michigan state prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

In 2005, a jury convicted Mishall of first-degree murder, armed robbery, and two counts of possession of a firearm during the  commission of a felony.  He was sentenced to life imprisonment. On direct appeal in the state courts, he challenged the sufficiency of the evidence to convict him. The conviction was affirmed.  He raised the same challenge in this federal habeas corpus petition. The district court denied the petition.  This court granted Mishall a certificate of appealability and appointed counsel.

A petition for a writ of habeas corpus may be granted on an issue adjudicated by the state courts only if the state court's decision is contrary to or an unreasonable application of clearly established  federal  law  as  determined  by  the  Supreme  Court,  or  based  on  an  unreasonable determination of the facts.  28 U.S.C. § 2254(d).  When reviewing a claim of insufficient evidence,

we must affirm a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The evidence in this case showed that the police found the body of the victim in the convenience store where she worked, after a customer complaint that the store had not opened at 7:00 a.m. as usual. She had been shot four times from behind at close range. Evidence at the scene indicated that the perpetrator had to have been familiar with the store's safes, cash registers, and security system. Cash and the security video recorder were missing. Mishall, the victim's fiancee, also had worked at the store. When interviewed by the police, he indicated that he accompanied the victim to work that morning, helped her with some work, and then returned home to bed. However, witnesses testified that a car similar to Mishall's was still at the store after he reported leaving, and that he was not at home at the time he indicated. Mishall also told a detective that the victim had been shot, and falsely stated that another detective had given him that information. Although no physical evidence, such as the missing cash or video recorder, the murder weapon, or blood or gunshot residue evidence, was ever found, there was also testimony that, in the weeks prior to the murder, Mishall told witnesses that he had a gun and knew how to use it, that he suspected the victim was seeing other people, and that he would kill her if he caught her having an affair. He was also upset that the victim rather than he had been promoted to manager. On the day of the victim's funeral, Mishall asked a neighbor to dispose of a gun for him. When the friend suggested he give it to the police, Mishall told the friend to forget he ever asked him to dispose of the gun. Subsequently, when confronted about the murder by girlfriends, Mishall reacted violently toward them and on one occasion, Mishall pushed the woman against a wall, choked her, and said he should

do to her what he did to the victim. Although Mishall denied he said this, the jury disbelieved him. Although Mishall denied ever having anything to do with guns, other witnesses testified that they had seen him with a gun or had been told by him that he had a gun. Finally, he told a cellmate that "they couldn't even prove what I done back then."

The Michigan Court of Appeals found that these facts, along with other circumstantial evidence, were sufficient to prove opportunity, intent, motive, and premeditation, and were sufficient to support the jury's verdict. The district court properly concluded that the state court's rejection of Mishall's insufficient evidence claim was not contrary to or an unreasonable application of *Jackson*, and was not based on an unreasonable determination of the facts. *See Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (per curiam); *Saxton v. Sheets*, 547 F.3d 597, 607 (6th Cir. 2008). Accordingly, we affirm the district court's judgment denying this petition for a writ of habeas corpus.